# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA C. FORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-361-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Christina C. Fore requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 6, 1961, and was fifty-one years old at the time of the administrative hearing (Tr. 48, 177). She earned her GED and a certificate as a CNA, and has worked as a certified nurse aide (Tr. 33, 257). The claimant alleges she has been unable to work since August 19, 2009, due to chronic obstructive pulmonary disorder (COPD), emphysema, high blood pressure, fluid around her heart, shingles, and shortness of breath (Tr. 251).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on May 22, 2009. Her applications were denied. ALJ J. Dell Gordon held an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 15, 2012 (Tr. 22-35). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the additional limitations of: (i)

understanding and remembering simple, routine tasks with one and two step instructions; (ii) performing repetitive tasks if there are no time constraints; (iii) able to sustain concentration necessary for unskilled work; (iv) able to interact appropriately on a superficial work basis with small numbers of coworkers and supervisors, but unable to interact with the general public; (v) avoiding jobs requiring a good field of visual acuity due to a limited field of vision; (vi) avoiding even moderate exposure to hazards, fumes, odors, gases, dusts, and poor ventilation (Tr. 27). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the regional and national economies, *e. g.*, laundry folder and price marker (Tr. 33-34).

## Review

The claimant argues that the ALJ erred: (i) by failing to properly evaluate the opinion of her treating nurse practitioner and a consultative mental examiner, (ii) by failing to consider her medically determinable back impairment throughout the sequential evaluation, and (iii) by failing to properly assess her credibility. The undersigned Magistrate Judge finds that the ALJ *did fail* to properly evaluate the opinion of the claimant's nurse practitioner, and the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of COPD, hypertension, visual field loss, anxiety, and affective mood disorder (Tr. 24). Relevant treatment records indicate that the claimant began seeing Advanced Registered Nurse Practitioner Ernestine Olson in July 2011. Notes reflect the claimant's diagnoses as

COPD, hypertension, social anxiety disorder, and chronic back pain (Tr. 635-639). On January 6, 2012, she completed a "Medical Assessment of Ability to Do Work Related Activities (Physical)" (Tr. 641). She indicated that the claimant could sit three hours in an eight-hour workday, stand three hours, and walk one hour. In a notation, she stated that the claimant's sitting and standing limitations were due to back damage, and the one-hour walking limitation reflected that she was unable to tolerate any exertion (Tr. 641). She further indicated that the claimant could lift less than ten pounds, but not repetitively, and that her left hand could not perform fine manipulation (Tr. 641). In the area for additional comments, she noted that the claimant's respiratory status was compromised, and that the claimant also had a social anxiety disorder that compromised her ability to work with other people (Tr. 641).

Consultative examiner Theresa Horton, Ph.D. examined the claimant's mental status on May 23, 2008, in conjunction with a previous application for benefits. She diagnosed the claimant with generalized anxiety disorder; major depressive disorder, recurrent, severe; and dysthymia, early onset; as well as COPD and chronic fatigue. She noted the claimant's Axis IV problems were finances, transportation, and isolation at times (Tr. 591-592). In her prognosis, Dr. Horton stated that the claimant appeared capable of understanding and managing only simple instructions and tasks, but that her pace was slow, which would affect productivity for even simple tasks, and opined that this would interfere with her ability to adjust into occupational settings but that she could adjust to small social settings (Tr. 592).

The claimant testified at the administrative hearing that she lives with her mother who is on long-term care, but that her mother actually takes care of her (Tr. 56, 62). She further testified that she falls a lot and that her mother's long-term care physician had told her that she probably had a lack of oxygen to her brain that was causing her falls (Tr. 57-58). She also stated that she had recently been taken to the emergency room due to a seizure, which she believed was due to lack of oxygen (Tr. 58-59). When asked if she agreed with Ms. Olson's assessment, the claimant stated, "I don't sit up that long and I don't walk that much," because she falls and injures herself (Tr. 64).

In his written opinion, the ALJ summarized the medical evidence in the record, as well as the claimant's hearing testimony, including records as far back as 2002 regarding the claimant's treatment for shortness of breath, and MRIs from 2006 following a seizure (Tr. 28). The ALJ did not, however, give much weight to the "other source" evidence in the case, *i. e.*, the opinions expressed by Ms. Olson or Dr. Horton's 2008 assessment. The ALJ gave the former "minimal weight" because it was from a "non-acceptable medical source," and he stated that her findings were unsupported (Tr. 33). As to Ms. Horton, the ALJ did not mention her opinion at all (Tr. 27-33).

Social Security regulations provide for the proper consideration of "other source" opinions such as those provided by Ms. Olson and Dr. Horton herein. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 ("[T]he adjudicator generally should

explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources" include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p at *4-5; 20 C.F.R. § 404.1527(d). The ALJ noted at the outset of step four that he had considered opinion evidence in accordance with SSR 06-03p, but made no reference whatever to these factors in connection with the evaluation by Ms. Olson, and it is therefore unclear whether he considered any of them. *See, e. g., Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation."). Nor did the ALJ otherwise discuss Dr. Horton's opinion, opting instead to recite mental consultative exam findings from Dr. Haisam Al-Khouri without analysis, and failing to explain why his findings did not account for Dr. Horton's assessment. The undersigned Magistrate Judge recognizes that Dr. Horton's opinion pre-dated the alleged disability onset date by a number of months, but notes that the ALJ had no problem discussing and addressing evidence seven years prior to the alleged onset date and the avoidance of Dr. Horton's opinion thus raises questions about why he chose

not to acknowledge her opinion and prognosis. *See, e. g., Clifton,* 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-1395 (9th Cir. 1984).

Because the ALJ failed to properly consider the "other source" evidence provided by Ms. Olson and Dr. Horton, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**